UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JUAN HOUSE,                                       :
       Plaintiff,                              :
                                                  :
       v.                                     :   No. 2:18-cv-04283
                                                  :
DEVON SMITH,                                      :
       Defendant.                              :
_____

**O P I N I O N**
**Plaintiff's Motion for Default Judgment, ECF No. 27 – Denied without prejudice**

**Joseph F. Leeson, Jr.**                                                **August 31, 2020**
**United States District Judge**

## I. INTRODUCTION

This case arose following the arrest of Plaintiff Juan House by Defendant Devon Smith, an officer with the Sharon Hill Police Department. Smith is the sole remaining defendant and default was entered against him for failing to respond to the Complaint. Currently pending is House's motion for default judgment against Smith. Because House's affidavit fails to meet the requirements of the Servicemembers Civil Relief Act, the motion for default judgment is denied without prejudice.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. *See* Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, the plaintiff must "file with the court an affidavit [] stating whether or not the defendant is in military service and showing necessary facts to support the affidavit. . . ." *See* 50 U.S.C. § 3931(b)(1). This affidavit, required by the Servicemembers

Civil Relief Act, "is a mandatory precondition to any default judgment, even if the requirements[1] of Rule 55 for default judgment are otherwise met." *See Coss v. Clemente*, No. 3:10-1479, 2011 U.S. Dist. LEXIS 71891, at *3-4 (M.D. Pa. June 9, 2011) (internal quotations omitted). Entry of default judgment is a matter within the sound discretion of the district court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

## III. BACKGROUND

On or about October 14, 2016, House was arrested by Officer Devon Smith and charged with harassment, disorderly conduct, and retail theft from the Family Dollar in Sharon Hill, Pennsylvania. *See* Compl., ECF No. 1. Approximately nine months later, the charges were dismissed for failure to prosecute. *See id.* House initiated the above-captioned case against Smith, the Family Dollar, a Family Dollar employee, and two prosecuting attorneys,[2] alleging, *inter alia*, false arrest, false imprisonment, malicious prosecution, and a violation of the Fourth Amendment's proscription against unreasonable searches and seizures. *See id.* On December 20, 2018, House's claims against the Family Dollar, the Family Dollar employee, and the two prosecuting were dismissed with prejudice as legally baseless. *See* Order, ECF No. 10.

A summons was subsequently issued as to Smith and transmitted to the United States Marshals Service for service. *See* Order, ECF No. 20. Service on Smith was accepted on November 27, 2019, by the Borough Manager at the Sharon Hill Police Department, but Smith failed to timely file a responsive pleading. *See* ECF No. 21. On February 4, 2020, default was entered against Smith. *See* Order, ECF No. 25. House filed a motion for default judgment on

---

[1] The requirements of Rule 55 are not discussed herein because House fails to satisfy the mandatory preconditions set by the Servicemembers Civil Relief Act.

[2] The Family Dollar employee and the two prosecuting attorneys were identified as Jane Does #1-3.

February 24, 2020.  *See* Mot., ECF No. 27.  To date, Smith has not responded to the motion or the Complaint.

IV.    ANALYSIS

The Servicemembers Civil Relief Act protects servicemembers against default judgments.  *See* 50 U.S.C. § 3931.  The Act provides: "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit [] stating whether or not the defendant is in military service *and showing necessary facts to support the affidavit. . . .*"  *See* 50 U.S.C. § 3931(b)(1) (emphasis added).  The "affidavit must set forth facts, not merely conclusions, relating to the military service of the defendant."  *See Countrywide Home Loans, Inc. v. Barr*, No. 3:CV-08-00389, 2008 U.S. Dist. LEXIS 89791, at *3 (M.D. Pa. July 10, 2008) (Vanaskie, J.).  "The affidavit must also contain information regarding the efforts exerted to determine the defendant's military status."  *See id.*

In *Countrywide Home Loans, Inc.*, the affidavit stated:

> The undersigned, being duly sworn according to law, deposes and says, upon information and belief, that the Defendant, Raymond S. Barr, is not in the military or naval service of the United States or its Allies, or otherwise within the provisions of the Service Members Civil Relief Act; and that the Defendant is over eighteen (18) years of age.

*Id.* at *2.  The court concluded that this affidavit was "plainly inadequate."  *See Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 89791, at *3-4.  The court reasoned that the affidavit contained "absolutely no facts regarding Defendant's military service or current whereabouts" and failed to "provide any hint as to the efforts exerted in determining Defendant's military status."  *See id.* at *3-4.  The plaintiff's motion for default judgment was therefore denied.  *See id. See also Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2012 U.S. Dist. LEXIS 62028, at *1-2 (D.N.J. May 3, 2012) (denying default judgment because the plaintiff's averment

3
082820

"Defendants are not infants, incompetent persons, or persons in military service or otherwise exempted from default judgment under the Servicemembers Relief Act of 2003," made without any documentation or other evidence supporting that averment, failed to satisfy the Servicemembers Relief Act of 2003).

Similarly here, House avers: "Defendant was not in the military service," *see* Mot. 2, ECF No. 27, but offers no facts to support this statement.[3]  This conclusory statement is insufficient to satisfy the requirements of the Servicemembers Civil Relief Act.  Consequently, House's motion for default judgment is denied.  The denial is without prejudice and House may refile his motion with an affidavit that complies with the Act.

IV.    CONCLUSION

House's conclusory statement that Smith is not in military service, made without any supporting facts, documentation, or explanation as to what efforts House made to determine Smith's military status, fails to satisfy the requirements of the Servicemembers Civil Relief Act. The motion for default judgment is therefore denied without prejudice to House's right to refile his motion with an affidavit that comports with the Act.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]    A similar conclusory statement appears in House's Declaration.  *See* Declaration 2, ECF No. 26 ("Defendants are not in the military service.").  No averments pertaining to Smith's military status appear in House's other miscellaneous filings.  *See* ECF Nos. 29-33.