UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JUAN HOUSE,                          :
      Plaintiff,                     :
                              :
      v.                             :        No. 2:18-cv-04283
                              :
DEVON SMITH,                         :
      Defendant.                     :

_____

**O P I N I O N**
**Motions to Dismiss, ECF No. 55 – Denied in Part**

**Joseph F. Leeson, Jr.**                                  **February 28, 2022**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Juan House initiated the above-captioned case pursuant to 42 U.S.C. § 1983 for false arrest, false imprisonment, malicious prosecution, and a violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments. House was granted leave to proceed *in forma pauperis*; therefore, service was made on Defendant Devon Smith by the United States Marshals Service. Smith has filed a Motion to Dismiss asserting that service was improper, that the time for service should not be extended, and that the Complaint should be dismissed because it was not served within the time limits of Rule 4 or the statute of limitations for § 1983 claims. For the reasons set forth below, it is unclear whether service was proper, but there is good cause to extend the time to effect service. Dismissal is denied, but service will be ordered.

## II.    BACKGROUND

On October 3, 2018, House filed a Complaint against Smith, an officer of the Sharon Hill Police Department, as well as the Family Dollar, a Family Dollar employee, and two prosecuting

attorneys[1] for conduct occurring on October 14, 2016.  *See* Compl., ECF No. 1.  On December

20, 2018, House's motion for leave to proceed *in forma pauperis* was granted and his claims

against the Family Dollar, the Family Dollar employee, and the two prosecuting attorneys were

dismissed with prejudice as legally baseless.  *See* ECF No. 10.  The Clerk of Court was specially

appointed[2] to serve a written waiver request on Smith (the remaining defendant) and, in the

absence of a waiver, to issue a summons and transmit the summons and a copy of the Complaint

to the United States Marshals Service for immediate service.  *See id.*  The Clerk of Court sent a

waiver request to Smith on February 22, 2019.  *See* ECF No. 11.  When the waiver was not

returned, the Clerk of Court, on March 28, 2019, issued summons and forwarded it to the

Marshals to effectuate service.  On August 14, 2019, the summons was returned unexecuted due

to a bad address for Smith.  *See* ECF No. 14.  House was thereafter given an opportunity to

complete and return USM-285 form with a valid address for Smith.  *See* ECF Nos. 16-20.  House

complied and, on October 25, 2019, the Clerk of Court issued summons as to Smith at the

Sharon Hill Police Department and forwarded it to the United States Marshals Service for

service.  The Marshals thereafter returned the summons as executed.  *See* Return, ECF No. 21.

The Return indicates that service on Smith was accepted on November 27, 2019, by the Borough

Manager at the Sharon Hill Police Department.  *See id.*

　　　　After Smith failed to respond to the Complaint, default was entered against him.  *See*

ECF No. 25.  On July 28, 2021, House's motion for default judgment as to Smith was

conditionally granted pending proof of damages at a damages hearing scheduled for September

---

[1]　　　The Family Dollar employee and the two prosecuting attorneys were identified as Jane Does #1-3.

[2]　　　Fed. R. Civ. P. 4(c)(3) (stating that the court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

22, 2021.  *See* ECF Nos. 45-46.  A week before the hearing, Smith filed a motion to vacate

default judgment.  ECF No. 48.  That motion was granted.  *See* ECF No. 54 (The Order cited

*Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 137-38 (3d Cir. 2017)

(holding that because entry of a default judgment is a such an extreme sanction, it is generally

disfavored and any doubts should be resolved in favor of setting aside the default and reaching a

decision on the merits).).  On November 18, 2021, Smith filed the instant Motion to Dismiss

pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).  *See* Mot., ECF No. 55.

In the Motion to Dismiss, Smith makes three arguments.  First, the Complaint should be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service.  Smith

asserts that service was improper because while copies of the Complaint and Summons were

delivered to his usual place of business, they were not served upon either Smith personally or

upon an agent authorized to accept service on his behalf.  *See id.* 9-11.  Next, Smith contends

that leave to correct service should be denied.  *See id.* 11-12.  The third argument in the Motion

to Dismiss is that the Complaint should be dismissed under Rule 12(b)(6) because the Complaint

was not served within the ninety-day service window provided for in Rule 4(m) or the two-year

statute of limitations.  *See id.* 12-13.  Plaintiff sought, and was granted, additional time to file a

response in opposition to the Motion, but no such response has been filed.

## III.    LEGAL STANDARDS

### A.    Motion to Dismiss Rule 12(b)(5) - Review of Applicable Law

Under Rule 12(b)(5), a defendant may move to dismiss when a plaintiff fails to properly

serve him or her with the summons and complaint.  *See* Fed. R. Civ. P. 12(b)(5).  "In resolving a

motion under Rule 12(b)(5), the party making service has the burden of demonstrating its

validity when an objection to service is made."  *Martin v. OSHA*, No. 15-4359, 2017 U.S. Dist.

LEXIS 54916, at *6 (E.D. Pa. Apr. 11, 2017).  When a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court "must" order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  *See* Fed. R. Civ. P. 4(c)(3).  It is then the responsibility of the United States Marshals Service to effectuate proper service of the summons and complaint.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

      **B.**      **Service of a Complaint - Review of Applicable Law**

      Rule 4(e) of the Federal Rules of Civil Procedure allows service to be made on an individual within a judicial district of the United States by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2)(C).  Service may also be made by following state law.  *See* Fed. R. Civ. P. 4(e)(1).  Pennsylvania law provides that service may be made "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."  *See* Pa. R. Civ. P. 402(a)(2)(iii) (effective Jan. 1, 1986 (emphasis added)).  The Pennsylvania Rules of Civil Procedure provide that the "return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made."  *See* Pa. R. Civ. P. 405(c).  The Federal Rules, stating that "proof of service must be made to the court," are not as specific.  *See* Fed. R. Civ. P. 4(l)(1).  Service must be made within ninety days after the complaint is filed.  *See* Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

**C.      Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law**

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (explaining that because the statute of limitations is an affirmative defense, untimeliness must be clear from the face of the complaint (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (holding that "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face") (internal quotations omitted))). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

IV.     ANALYSIS

A.      The Court cannot determine that service was proper.[3]

Smith asserts that service was improper because while copies of the Complaint and

Summons were delivered to his usual place of business, they were not served upon someone

authorized to accept service.  *See* Mot. 8-11 ("William Smith is not an agent of Officer Smith

authorized to accept service on his behalf.").  Smith further contends that the return of service

contains no indications as to whether and why the serving Marshal believed "William Smith,

Borough Manager" was authorized to receive service.  *See id.*; Return.  Instead, the serving

Marshal checked the box stating that the Borough Manager was a "person of suitable age and

discretion residing in the defendant's usual place of abode" even though service was not made at

Smith's usual place of abode.  *See id.*

It is not clear from the Return that the Borough Manager was either an "agent" of Smith

authorized to receive service of process or was "the person for the time being in charge" of the

Sharon Hill Police Department.  First, as to agency, while "a marshal's return is not conclusive

on the question of service on an agent, it will stand in the absence of proof to the contrary."  *See*

*Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 516 (3d Cir. 1971).  Smith has presented proof to

the contrary.  *See* Smith Dec. ¶ 8, ECF No. 48-2 ("Former Borough Manager William Smith is

not an authorized agent of mine and did not have any authority to receive a Summons and

Complaint on my behalf.").  Although "good faith reliance on the apparent authority of an

individual to receive service may satisfy the requirements of Rule 4(e)(2)(C) under certain

circumstances . . . any apparent authority must stem from the actions of the defendant rather than

---

[3]      Because House, who has the burden of establishing that service was proper, failed to
respond to the Motion to Dismiss, this Court must rely solely on the Marshal's return of service.

from the purported agent." *See McDonald v. SEIU Healthcare Pa.*, No. 1:13-CV-2555, 2014 U.S. Dist. LEXIS 130670, at *19 (M.D. Pa. Sep. 18, 2014) (internal citations omitted).  There is nothing to suggest that Smith took any actions to imply that the Borough Manager had such authority, nor is there any indication from the Return that the serving Marshal relied on any apparent authority.  Accordingly, service was not proper under the Federal Rules or under the agency provision of the State Rules.

Service may have nevertheless been proper under Pennsylvania law if the person served (William Smith, Borough Manager) was "for the time being in charge" of the Sharon Hill Police Department (Smith's "usual place of business").  *See* Pa. R. Civ. P. 402(a)(2)(iii).  This Court cannot reach this conclusion.  The Return does not indicate whether William Smith was in charge at the time of service and Smith has not offered any additional information to supplement the Return.  *Accord Cintas Corp. v. Lee's Cleaning Servs.*, 700 A.2d 915, 920 (Pa. 1997) (concluding that although the return of service did not allege the person served expressly represented that she was the person in charge, the plaintiff supplied this fact in a subsequent affidavit in response to the petition to strike service).  William Smith's title of Borough Manager, alone, is insufficient to conclude that he was in charge of the Police Department.  *Compare* Borough of Sharon Hill, Ord. No. 1340, § 35-11(A) (proving that the borough manager's "powers and duties shall relate to the general management of all Borough business *not expressly imposed or conferred by statute upon other Borough officers*") (emphasis added); *with* Borough of Sharon Hill, Ord. No. 1381, § I (providing the deputy chief of police, "working with the Chief of Police, . . . complete line and staff authority" and the responsibility to "coordinate the daily operations of the Department").  Although it may be that the Marshal checked the box stating that the Borough Manager was a "person of suitable age and discretion residing in the

defendant's usual place of abode" to indicate that the Borough Manager was in charge, the Court cannot make this leap. *See Hutton v. KDM Transp., Inc.*, No. 14-3264, 2014 U.S. Dist. LEXIS 92978, at \*8 (E.D. Pa. July 8, 2014) ("Because service is the mechanism by which a court obtains jurisdiction over a defendant, the rules governing service of process must be strictly followed."); *Sharp v. Valley Forge Med. Ctr. and Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966) ("There is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules."). Clearly, the Sharon Hill Police Department was not Smith's "usual place of abode," at which different means of service may be effectuated. *See* Fed. R. Civ. P. 4(e)(2)(B) (allowing for service "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"). Further, a "person of suitable age and discretion" is not the same as the "person . . . in charge." *See id.* Accordingly, this Court cannot conclude that service was proper.

However, because House is proceeding *in forma pauperis*, he was "entitled to rely on the Marshal to achieve service of process." *Hankins v. Pennsylvania*, 526 F. App'x 164, 167 (3d Cir. 2013) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990)). Because it was the responsibility of the United States Marshals Service to effectuate proper service, *see* 28 U.S.C. § 1915(d), House will not be punished for the Marshals' failure to do so. The Motion to Dismiss for improper service is therefore denied. *See Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991) (holding that it was error to dismiss a complaint filed by an *in forma pauperis* prisoner for improper service).

### B. There is good cause to extend the time to serve.

Smith contends that leave to correct the improper service should be denied. *See* Mot. 11-12. However, the Marshal's failure to make proper service is "automatically 'good cause' . . .

within the meaning of Rule 4(m)." *Goodwin v. LA Weight Loss Ctrs., Inc.*, No. 99-CV-6339, 2001 U.S. Dist. LEXIS 24198, at *3-5 (E.D. Pa. Oct. 26, 2001) (refusing to dismiss a complaint for untimely service because the plaintiff should not be penalized where the deficiency in service was caused by the United States Marshals).  Accordingly, "the court must extend the time for service . . . ."  *See* Fed. R. Civ. P. 4(m); *Hodge v. Umar*, Nos. 88-1527, 89-4406, 1990 U.S. Dist. LEXIS 16981, at *5 (E.D. Pa. Dec. 13, 1990) (finding good cause to extend the time to effectuate proper service even though more than two years had elapsed since the complaint was filed because the plaintiff was proceeding *in forma pauperis*).

> **C.**     **The request to dismiss as untimely is denied.**

Smith seeks dismissal of the Complaint as untimely because it was not served within the ninety-day service window provided for in Rule 4(m) or within the two-year statute of limitations.  *See* Mot. 12-13.  For the reasons previously discussed, there is and was good cause to extend the ninety-day time limit to effectuate service.  Moreover, House provided the necessary information to assist the Marshals Service after being informed of service problems. *See Hankins*, 526 F. App'x at 167.  Accordingly, the request to dismiss based on the service window in Rule 4(m) is denied.

Additionally, there is no requirement that a plaintiff have notice of an action within the statute of limitations, only that the action be commenced within that period.  *See Brown v. Bellaplast Maschinenbau*, No. 84-1865, 1986 U.S. Dist. LEXIS 25063, at *4-5 (E.D. Pa. May 27, 1986) (citing 42 Pa. C.S.A. § 5524; Pa. R. Civ. P. 1007(2)).  House filed the Complaint in the above-captioned action within the two-year statute of limitations.  *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (explaining that § 1983 has no statute of limitations of its own,

but borrows the state's statute of limitations for personal-injury torts, which is two years in

Pennsylvania).  Thus, the request to dismiss based on the statute of limitations is also denied.

## V.      CONCLUSION

This Court is unable to conclude that service by the Marshals on Smith was proper.

However, because House is proceeding *in forma pauperis*, he is entitled to rely on the Marshals

Service to make service and will not be penalized for their failure to timely do so.  There is good

cause to extend the time to effectuate service of the timely filed Complaint.  The Motion to

Dismiss is therefore denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge