UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JUAN HOUSE, :
      Plaintiff, :
       :
v. : No. 2:18-cv-04283
       :
DEVON SMITH, :
      Defendant. :

**O P I N I O N**
**Motion to Dismiss, ECF No. 74 - Granted**
**Motion to Enforce, ECF No. 76 - Dismissed**

**Joseph F. Leeson, Jr.**        **November 28, 2022**
**United States District Judge**

**I.    BACKGROUND**

On October 3, 2018, Plaintiff Juan House initiated the above-captioned action pursuant to 42 U.S.C. § 1983 by filing a Complaint against Defendant Devon Smith, an officer with the Sharon Hill Police Department.[1] House alleges a Fourth Amendment illegal search claim and a claim for malicious prosecution arising from his 2016 arrest by Smith on charges of retail theft and receiving stolen property. House was subsequently granted leave to proceed *in forma pauperis* and the United States Marshals were ordered to make service. Service on Smith was accepted on November 27, 2019, by the Borough Manager at the Sharon Hill Police Department and default was eventually entered against Smith.

---

[1] The Complaint also named the Sharon Hill Family Dollar, the Family Dollar employee, and the two prosecuting attorneys (identified as Jane Does #1-3), but these Defendants were dismissed with prejudice on December 20, 2018, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims were legally baseless. *See* ECF No. 10.

On July 28, 2021, this Court conditionally granted, in part, House's request for default judgment pending a hearing on damages.  Prior to this hearing, however, Smith filed a Motion to Vacate the Default Judgment, stating that he first became aware of the entry of default judgment less than a week before the hearing, and that the Summons and Complaint were improperly served on the former Borough Manager at the Sharon Hill Police Department, who was not an authorized agent of Devon Smith.  After House failed to respond, the Motion to Vacate the Default Judgment was granted as unopposed.

On May 3, 2022, this Court issued an Order setting discovery and dispositive motions deadlines.  The following day, Magistrate Judge Pamela Carlos scheduled a telephonic status conference for May 23, 2022.  This Court extended pretrial deadlines on August 29, 2022, due to House's failure to respond to discovery requests and attempted communications by Smith's counsel or to appear/participate in the telephonic status conference on May 23, 2022.  The extension order warned:

> Plaintiff is advised that he must timely respond to discovery requests, appear for noticed depositions, attend court-scheduled proceedings, including telephone and in-person conferences, and comply with court orders. Plaintiff's failure to comply may result in the case being dismissed for failure to prosecute and abide by a court order.

ECF No. 73.

On September 30, 2022, Smith filed a Motion to Dismiss for Lack of Prosecution.  After House failed to timely respond to this motion, this Court issued an Order on October 18, 2022, giving House until October 31, 2022, to file a brief in opposition to the Motion to Dismiss and to show cause why his case should not be dismissed for failure to prosecute and to comply with court orders.  *See* ECF No. 75.  The Order advised House "that failure to timely respond will result in dismissal of this case" and that "[n]o extensions will be granted."  *See id.* (citing Fed. R.

Civ. P. 41(b); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)). House failed to timely respond.[2] To date, there has been no response from House to any motion[3] or order. The last communication this Court received from House was on January 6, 2022.

For the reasons set forth below and after balancing the *Poulis* factors, the action is dismissed.

## II.     STANDARD OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

---

[2]     *See* E.D. Pa. L.R. 7.1 (providing that "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief [and i]n the absence of timely response, the motion may be granted as uncontested")

[3]     Smith unnecessarily filed a motion to enforce the October 18, 2022 Order. *See* ECF No. 74. This motion did not restart the clock for House to respond to the motion to dismiss.

**III.    ANALYSIS**

The first *Poulis* factor weighs in favor of dismissal of the above-captioned case because as a pro se litigant, House is personally responsible for his actions.  *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor also weighs in favor of dismissal because House's complete failure to litigate this action frustrates and delays its resolution.  *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction").

As to the third factor, House has a history of dilatoriness dating more than six (6) months.  He has failed to participate in discovery and to attend pretrial conferences as ordered and has failed to respond to the pending motion to dismiss despite being specifically directed to do so.  *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").  House was repeatedly warned that his failure to comply with orders and prosecute this case would result in dismissal.  Regardless, there has been no contact from House in approximately eleven (11) months.  Accordingly, this factor weighs in favor of dismissal.

Regarding the fourth factor, because this Court has no explanation for House's dilatoriness, it is unable to determine whether his conduct is in bad faith.  This factor is therefore neutral or weighs against dismissal.  *But see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)

(holding that "no single Poulis factor is dispositive" and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint").

Fifth, monetary sanctions are not an appropriate alternative to dismissal because of House's financial status- he is proceeding *in forma pauperis*. *See id.* (determining that sanctions are not an alternative sanction to a pro se litigant proceeding *in forma pauperis*).

Finally, this Court cannot determine whether there is any merit to House's claims because there is a dispute of fact. This factor is therefore neutral at best.

## IV.   CONCLUSION

After weighing all the *Poulis* factors, the Court dismisses the above-captioned action for House's failure to prosecute.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge